IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HORIZON RADIOLOGY, P.A., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-04-4418 |
| § | |
| HORIZON RADIOLOGY CONSULTATION, § | |
| P.A., § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant Horizon Radiology Consultation P.A.'s Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) (Docket Entry No. 10). For the reasons discussed below, the court will grant the motion.

### I.  Background

Plaintiff, Horizon Radiology, P.A., brings this action against defendant, Horizon Radiology Consultation, P.A. ("Horizon Consultation"), for unfair competition and trade name and service mark infringement under the Lanham Act and common law and for violating the Texas Anti-Dilution Statute.

Plaintiff and defendant are competitors who provide remote radiology services to hospitals and clinics. Customers electronically transmit radiological images to these companies for evaluation. After a radiologist reads and interprets a film, the

company returns the image and an accompanying report of findings to the customer. Plaintiff alleges that it selected the Horizon name in 2001 and defendant did so in 2003.

In connection with its business defendant maintained a website at www.hrctele.com. The homepage contains the Horizon Radiology Consultation, P.A. name and a brief description of its services (which included the bullet-point "[w]orldwide 24/7 coverage for all teleradiology needs"). Links allowed visitors to view further descriptions of defendant's services and a listing of reasons why customers ought to use those services; information about job opportunities; and a page containing a contact number, a mailing address, and three e-mail addresses. The contact page included what appears to be a form that viewers can use to submit their own contact information electronically.

In a sworn affidavit defendant's administrator states that Horizon Radiology Consultation is organized under the laws of Florida and maintains its principal place of business in that state.[1] He also avers that defendant has no agents, employees, or offices in Texas and has "never transacted business in the state of Texas or with any resident of the state of Texas."[2]

---

[1] Affidavit of Steve Currier, at ¶ 3, attached to Defendant Horizon Radiology Consultation P.A.'s Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) ("Defendant's Motion to Dismiss"), Docket Entry No. 10.

[2] Id.

## II.  Standard of Review

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident.  Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994). The plaintiff can meet this burden by presenting a *prima facie* case that personal jurisdiction is proper.  Id.  The court accepts the plaintiff's uncontroverted allegations as true and resolves factual conflicts in favor of the plaintiff.  Id.

"Absent a federal statute that provides for more expansive personal jurisdiction, the personal jurisdiction of a federal district court is coterminous with that of a court of general jurisdiction of the state in which the district court sits." Submersible Systems, Inc. v. Perforadora Central, 249 F.3d 413, 418 (5th Cir. 2001) (citing Fed. R. Civ. P. 4(k)(1)).  This means that for a district court to exercise personal jurisdiction over a nonresident defendant, (1) the defendant must be amenable to service of process under the forum state's long-arm statute, and (2) the assertion of jurisdiction must comport with the due process requirements of the Fourteenth Amendment.  Id.  See also Electrosource, Inc. v. Horizon Battery Technologies, Ltd., 176 F.3d 867, 871 (5th Cir. 1999).  The Texas long-arm statute reaches as far as federal due process requirements will allow.  Ruston Gas Turbines, Inc. v. Donaldson Co., 9 F.3d 415, 418 (5th Cir. 1993)

(citing Schlobohm v. Schapiro, 784 S.W.2d 355, 357 (Tex. 1990), and Ham v. La Cienega Music Co., 4 F.3d 413, 415, 415 n.7 (5th Cir. 1993)). Therefore, the court need only address whether subjecting the defendant to suit in Texas is consistent with the demands of due process.

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 105 S. Ct. 2174, 2181 (1985) (quoting International Shoe Co. v. Washington, 66 S. Ct. 154, 160 (1945)). Thus, a district court may not exercise personal jurisdiction over a nonresident unless that nonresident's "'conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" Id. at 2183 (quoting World-Wide Volkswagen Corp. v. Woodson, 100 S. Ct. 559, 567 (1980)). This standard is met if the defendant has established "'minimum contacts'" in the forum that are more than just "'random,'" "'fortuitous,'" or "'attenuated.'" Burger King, 105 S. Ct. at 2183. In every case where the exercise of personal jurisdiction is proper, the nonresident has taken "some act by which [it] purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 78 S. Ct. 1228, 1240 (1958).

"Minimum contacts" can be established by showing contacts that give rise to either specific or general personal jurisdiction. Specific jurisdiction exists when the nonresident defendant's contacts arise from, or are directly related to, the cause of action. Mink v. AAAA Development LLC, 190 F.3d 333, 336 (5th Cir. 1999). General jurisdiction exists when a defendant's contacts with the forum state are "continuous, systematic, and substantial" although unrelated to the cause of action. Marathon Oil Co. v. A.G. Ruhrgas, 182 F.3d 291, 295 (5th Cir. 1999).

The Due Process Clause also requires that the exercise of personal jurisdiction not offend "'traditional notions of fair play and substantial justice.'" International Shoe, 66 S. Ct. at 158. "Only if the nonresident defendant has sufficient minimum contacts with the forum state will the fairness of the exercise of personal jurisdiction be evaluated." Allred v. Moore & Peterson, 117 F.3d 278, 286 (5th Cir. 1997). The burden rests with a defendant to make a "compelling case" against the assertion of jurisdiction. Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 215 (5th Cir. 1999); Burger King, 105 S. Ct. at 285.

### III. Analysis

In its response to defendant's motion to dismiss for lack of personal jurisdiction, plaintiff states that "exercise of specific jurisdiction [is] appropriate" because its causes of action "arise out of, and are directly related to, [defendant's] contacts with

Texas <u>via</u> its Internet website and its web-based business."[3] Plaintiff does not argue that general jurisdiction exists in this case.

Plaintiff argues that the "interactive, web-based nature of [defendant's] business" brings defendant within this court's jurisdiction.[4] Plaintiff states that defendant's "business, in and of itself, is an interactive, web-based enterprise; it is conducted almost exclusively over the Internet."[5] Plaintiff emphasizes defendant's stated intent to service customers "worldwide" through electronic transmissions of images and computer files.[6]

The court is not persuaded that these facts establish jurisdiction over defendant. Without the additional fact that defendant has actually done business with a customer residing in Texas, defendant's use of the internet -- or any other means of communication, for that matter -- is irrelevant. In other words, defendant's electronic, web-based exchange of files with a customer located in other states has nothing to do with whether defendant had any contact at all with Texas, let alone sufficient minimum contacts.

---

[3]Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) ("Plaintiff's Response"), Docket Entry No. 11, p. 5.

[4]See <u>id.</u> at 2.

[5]<u>Id.</u> at 6.

[6]<u>Id.</u> at 6-7.

Defendant's administrator's affidavit states that Horizon Consultation has no presence in Texas -- no offices, agents, or employees -- and has "never transacted business in the state of Texas or with any resident of the state of Texas."[7] Plaintiff does not deny this statement or offer evidence that the contrary is true.  At most plaintiff suggests that defendant, aspiring to serve clients "worldwide," would welcome Texas customers.

If defendant had contacts with the state of Texas, they could only have been through its website.  Although plaintiff underscores the website's declaration that defendant could provide services "[w]orldwide,"[8] plaintiff does not explain how this or any other feature of the website -- as distinguished from defendant's use of the internet to communicate with existing customers -- establishes minimum contacts with Texas.

In Mink v. AAAA Development LLC, 190 F.3d 333 (5th Cir. 1999), the Fifth Circuit considered whether a defendant's operation of a website accessible to forum residents would permit a court in that forum to exercise personal jurisdiction in the absence of other contacts.  Id. at 336.  The court adopted the analysis of Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1124 (W.D. Pa. 1997), which classified websites along a spectrum ranging from

---

[7] Affidavit of Steve Currier, at ¶ 3, attached to Defendant's Motion to Dismiss, Docket Entry No. 10.

[8] See Plaintiff's Response, Docket Entry No. 11, pp. 1, 7.

purely "passive" sites that do no more than advertise to sites over which a defendant clearly does business (by forming contracts and exchanging files with residents of other states). Mink, 190 F.3d at 336. Passive websites do not support the exercise of personal jurisdiction, while sites used to conduct business do. Id. Websites that fall somewhere in the middle may or may not permit the assertion of personal jurisdiction, depending on the level of interactivity the site allows and the commercial nature of the information exchange that occurs there. Id.

In Mink the Fifth Circuit concluded that a website that merely "posts information about [the defendant's] products and services" was insufficient to establish personal jurisdiction. Id. at 337. The court concluded that despite the presence of a printable mail-in order form, a toll-free telephone number, and electronic mail access, the site was merely a passive advertisement. Id. In arriving at this conclusion the court focused on the absence of evidence that the defendant engaged in business transactions with forum residents over the internet and the absence of other indicators of interactivity, such as online ordering or purchasing of products. Id.

In light of Mink the court concludes that defendant's website in this case was nothing more than a passive advertisement that does not by itself give rise to personal jurisdiction. Defendant devotes a healthy portion of its site to describing its remote

-8-

radiology services and capabilities -- which apparently include "[w]orldwide 24/7 coverage" -- and to persuading the viewer to become a customer.[9]  The only parts of the site that appear to invite the viewer's interaction are the "Job Opportunities" and "Contact Us" pages, but there defendant merely displays a telephone number, a mailing address, and a few e-mail addresses -- similar to the passive website in Mink.[10]  Although it appears that viewers can submit their names and contact information to defendant through the site, this fact does not change the jurisdiction analysis.[11]

The Mink court was not persuaded that a site that merely allowed the defendant to "reply to e-mail initiated by website visitors" supported personal jurisdiction.  Later, in Revell v. Lidov, 317 F.3d 467 (5th Cir. 2002), the Fifth Circuit distinguished what it concluded was an interactive site -- an open forum that permitted users to send and receive information -- from the passive Mink site, where the "visitor was limited to expressing an interest in a commercial product."  Id. at 472.  No feature of defendant's website appears to allow users to do anything more than gather information about defendant's services and express interest

---

[9]See http://www.hrctele.com, Exhibit B, attached to Plaintiff's Application for Temporary Injunction, Permanent Injunction, and Original Complaint, Docket Entry No. 1.

[10]See id.

[11]See id.

to the company.  There is no evidence that defendant ever used this publicly-accessible site to form contracts with visitors or to conduct business by having customers submit computer files (of the radiological images to be analyzed) through it.  The court therefore concludes that defendant's website was the kind of passive advertisement that does not by itself permit the exercise of personal jurisdiction.

## IV.  Conclusion and Order

Plaintiff has failed to present a *prima facie* case for the exercise of personal jurisdiction.  It has not alleged facts that defendant established sufficient minimum contacts with Texas -- that defendant "purposefully avail[ed] itself of the privilege of conducting activities" in Texas, "thus invoking the benefits and protections of its laws."  Hanson, 78 S. Ct. at 1240 (1958). Accordingly, Defendant Horizon Radiology Consultation P.A.'s Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) (Docket Entry No. 10) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 21st day of April, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE